### MITCHELL vs. WALKER.

The proceeding by petition and summons, under the statute, will only lie in cases where debt lay at common law. It will not lie on a note executed solely for property, or an agreement for unliquidated damages.
It will not lie on a note payable in Arkansas State Bank paper.

THIS was a suit by petition in debt, under the statute, brought by David Walker against James Mitchell, on a note " to be paid in Arkansas State Bank paper," tried in Washington Circuit Court, in May, A. D. 1841, before the Hon. JOSEPH M. HOGE, one of the Circuit Judges. Judgment went by default for the sum mentioned in the note, as debt, and the interest accrued, as damages and costs. Mitchell sued his writ of error.

*Oldham*, for the plaintiff.

No principle is better settled, than that, in an action upon such an instrument as the one sued upon by the plaintiff below, the judgment must be for damages; and that the true measure of damages is the value of that number of dollars in bank paper when the same became due; and that the common-law action of debt will not lie upon an instrument payable in bank notes. *Janny vs. Henry*, 3 *Mon. Rep.* 8. *Watson vs. McCall & McNair*, 1 *Bibb*, 356. *Bruno vs. Kelso, ib.* 487. *Mattox vs. Craig*, 2 *Bibb*, 584. *Monk vs. Roberts*, 4 *Mon.* 89. *Kennedy & Woods vs. Van Winkle*, 6 *Mon.* 398. *Owens vs. Holliday*, 7 *Mon.* 296. *Jeffery vs. Underwood*, 1 *Ark.* 108.

Our statute was not designed to change the form and nature of the judgment to be rendered; for it expressly provides that every suit, commenced in accordance with the form therein prescribed, shall be prosecuted to final judgment and execution, in the same manner as if the same had been commenced in the ordinary form. *Rev. St., chap.* 21, *sec.* 7.

*Linton*, contra.

By the Court, LACY, J.

The statute regulating the proceedings, enacts, that " any person
19

being the legal owner or holder of any bond, bill, or note, for the payment of money or property, may sue thereon, in any circuit court having jurisdiction thereof, by petition in debt." *Rev. St., p.* 152. It is clear that the object of the act is to give to the party, by petition and summons, a summary mode of recovery in debt. Indeed, the proceeding under the statute is a new and more simple manner of suing in that form of action, and will only lie in such cases where, by the common law, debt could be maintained: it is by petition, and not by declaration. The party is required to show that he is the legal holder of the bill, bond, or note; and in this it resembles debt; for, in that case, the plaintiff must show that the legal interest is in him, and the instrument declared on must be substantially set out. By petition and summons, a copy of the instrument is required to be inserted. The breaches, in both cases, are precisely similar, in averring that the debt remains unpaid for which the plaintiff demands judgment, and damages for detention. The form prescribed constantly speaks of the debt, and keeps up that idea throughout; thus showing, conclusively, that the suit contemplated by the Legislature, had reference alone to such cases for which debt would lie at common law. It gives a new remedy, which is cumulative of a pre-existing right, and restricts the form of action to the particular class of cases by which that right could be asserted. Upon a note executed alone for property, or an agreement for unliquidated damages, debt will not lie, neither will a suit by petition and summons. The party, in both cases, could not make the necessary averments, or assign proper breaches: he could not allege that the debt was unpaid, or that he demanded judgment for the same, and damages for its detention. The term "debt" has a legal definite signification, and means a sum certain, or that which may be reduced to a certainty. When the intervention of a jury is required to assess unliquidated damages, debt will not lie. In such cases, neither can petition and summons be brought, because there would be no certainty in the debt demanded.

Upon a statute similar to our own, the Supreme Court of Kentucky, in the case of *Janny vs. Henry,* 2 *Mon.* 95, held that petition and summons can only be maintained, for the direct payment of money, by evidence in writing. The suit must be prosecuted to final judgment

and execution, in the same manner as if commenced in the ordinary form. The statute makes no provision for taking and executing judgment for property. This principle proves that, in the case now before the Court, the party has mistaken his form of action. An agreement to pay so much money, in Arkansas paper, or bank notes, is certainly not a direct contract to pay that amount in lawful currency. The party suing is only entitled to recover the value of the paper or bank notes at the time the same became due, and that value can only be ascertained by witnesses to establish the fact; and, upon proof thus given, the amount of the verdict should be entered up, fixing the sum at the intrinsic and real value of the paper in lawful money.

Judgment reversed.